UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY DEIMERLY,

           Plaintiff,

  v.

HAROLD W. CLARKE, *et al*,

           Defendants.

Case No.  C07-5166RBL-KLS

ORDER TO SHOW CAUSE

    This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983. To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

    On March 30, 2007, the Clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. #1). Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was

ORDER
Page - 1

confined.

Plaintiff thus was required to submit a statement showing the balance and activity of his account for the six-month period <u>immediately preceding</u> the filing of his complaint. The prison trust account statement plaintiff filed, however, is for the six-month period ending December 31, 2006, or nearly four months prior to the date he filed his complaint. As such, that statement does not satisfy the requirements of 28 U.S.C. § 1915(a)(2).

Accordingly, the Court orders the following:

(1) Plaintiff shall seek to cure the above deficiency by filing **no later than May 13, 2007**, a copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of his account(s) for the six-month period <u>immediately preceding</u> the filing of his complaint.

**Failure to cure this deficiency by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 13th day of April, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2