UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY DEIMERLY,

             Plaintiff,

   v.

HAROLD W. CLARKE, *et al*,

             Defendants.

Case No.  C07-5166RBL-KLS

ORDER TO SHOW CAUSE

     This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint.  After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

     A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

     To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

ORDER
Page - 1

1 right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor,
2 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section
3 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
4 Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

5     Plaintiff also must allege facts showing how individually named defendants caused or personally
6 participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
7 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
8 responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58
9 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v.
10 Palches, 665 F.2d 965, 968 (9th Cir. 1982).

11     Plaintiff alleges in his complaint that the Washington State Department of Corrections ("DOC")
12 and its officials willfully denied him access to the courts due to inadequate training, a lack of supervision
13 and disregard for inmates and their constitutional rights. Complaint, pp. 5-6. Specifically, it appears that
14 plaintiff is claiming certain legal documents he had placed in the prison mail system did not arrive at their
15 intended recipients, which caused a different federal civil lawsuit he had in this Court to be dismissed. Id.,
16 pp. 6, 13-17. These claims, however, are deficient for the reasons set forth below.

17     First, plaintiff has not shown how defendants Harold W. Clarke, Belinda D. Stewart and Cheryl
18 Sullivan caused or personally participated in the harm alleged other than perhaps with respect to their
19 supervisory responsibilities. As explained above, however, this is wholly insufficient to establish a civil
20 rights claim under 42 U.S.C. § 1983. While plaintiff does allege defendant Shelly Mackinder "processed
21 and logged" the particular legal documents at issue in this case, he does not set forth any facts showing she
22 prevented those documents from reaching their intended recipients or otherwise interfered with his ability
23 to access the courts. Complaint, pp. 4-5. Thus, while inmates do have "a constitutional right of access to
24 the courts," plaintiff has failed to show any of the named defendants impinged on that right in this case.
25 Cornett v. Donovan, 51 F.3d 894, 897 (9th Cir. 1995).

26     Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file
27 an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this
28 matter should not be dismissed by **no later than June 10, 2007**. The amended complaint must carry the
same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately

address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 10th day of May, 2007.

Karen L. Strombom
United States Magistrate Judge