UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY DEIMERLY,

            Plaintiff,

    v.

HAROLD W. CLARKE, *et al*,

            Defendants.

Case No. C07-5166RBL-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for appointment of counsel. (Dkt. #16). Plaintiff has been granted *in forma pauperis* status in this case. After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the

1  complexity of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.

2      In his motion, plaintiff requests appointment of counsel on the basis that he is unable to afford
3  counsel, that his imprisonment greatly limits his ability to litigate this matter, that the issues involved in
4  this matter are complex, that he has limited access to legal resources, that he suffers from a severe mental
5  illness, and that there is merit to his case.  The Court, however, finds that plaintiff has not set forth valid
6  or sufficient reasons for his request.

7      First, the fact that plaintiff cannot find or afford private counsel makes him no different from most
8  other prisoners.  Indeed, the fact of imprisonment applies to all other *pro se* inmate plaintiffs, as is the fact
9  that prisoners do not have unlimited access to legal resources.  With respect to the latter, plaintiff has not
10 presented any evidence showing that he in fact has been denied access to such resources.  Nor has
11 plaintiff shown that the legal issues in this matter are necessarily complex, that he is unable to articulate
12 his claims *pro se* (even if as he does suffer from a severe mental illness as claimed), or that there is a
13 likelihood of success on the merits.

14     Accordingly, plaintiff's motion for appointment of counsel (Dkt. #16) hereby is DENIED.

15     The clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

16     DATED this 7th day of September, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2