UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY DEIMERLY,

            Plaintiff,

    v.

HAROLD W. CLARKE, *et al*,

            Defendants.

Case No.  C07-5166RBL-KLS

ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE

    This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on defendant Shelly Mackinder's filing of a motion to consolidate. (Dkt. #15).  After reviewing defendant's motion, plaintiff's response thereto and the balance of the record, the Court finds and orders as follows:

    In her motion, defendant Mackinder argues that this matter should be consolidated with <u>Deimerly v. Clarke</u>, Cause No. C06-5717RJB-KLS, on the basis that the complaints plaintiff has filed in both cases stem from the same set of circumstances, involve the same set of facts and name some, but not all, of the same defendants.  The Court recognizes that it has the authority to consolidate multiple actions into one action under appropriate circumstances: "When actions involving a common question of law or fact are pending before the court, . . . it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Federal Rule of Civil Procedure 42(a).  However, the Court finds that

ORDER
Page - 1

1 consolidation of this case and Cause No. C06-5717RJB-KLS would not be appropriate.

2 First, although both cases do involve First Amendment mail issues, the specific claims raised in each case are clearly distinct. For example, in this case, plaintiff is claiming that defendant Mackinder violated his First Amendment right to redress the government and Fifth and Fourteenth Amendment due process rights when she improperly addressed and lost his outgoing mail on two occasions. (Dkt. #9). In the other case, however, plaintiff alleges his First Amendment right to access the courts was violated when three other named defendants, along with two other unnamed defendants, neither processed nor returned to him several mail parcels because he is indigent. <u>Deimerly v. Clarke</u>, Cause No. C06-5717RJB-KLS (Dkt. #8).

As can be seen from the above discussion, furthermore, both cases involve completely different defendants. While, at one point, the three named defendants in Cause No. C06-5717RJB-KLS were part of this action (<u>see</u> Dkt. #6), such is no longer the case (<u>see</u> Dkt. #9), with only defendant Mackinder currently remaining. Although it may be that the unnamed defendants in Cause No. C06-5717RJB-KLS include one or more of the John Doe defendants plaintiff seeks to add here (<u>see</u> Dkt. #17-3), that hardly is a basis for finding legal and factual commonality sufficient for consolidation. Accordingly, because the legal and factual issues in these two cases are distinct, and because none of the named defendants in either case is, at the present time, the same, defendant Mackinder's motion to consolidate (Dkt. #15) hereby is DENIED.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendant.

DATED this 7th day of September, 2007.

Karen L. Strombom
United States Magistrate Judge