UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY DEIMERLY,

                Plaintiff,

v.

HAROLD W. CLARKE, *et al*,

                Defendants.

Case No. C07-5166RBL-KLS

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's filing of a motion to for leave to amend complaint. (Dkt. #17). After reviewing plaintiff's motion, defendant Shelly Mackinder's response thereto and the balance of the record, the Court finds and orders as follows:

      Plaintiff seeks to file a second amended complaint in this matter. (Dkt. #17-3). That complaint in essence adds, along with certain general allegations concerning Department of Corrections policies and staff conduct, as well as a number of attached exhibits, seven "John Doe" defendants, who, according to plaintiff, were all mailroom staff working in his institution's mailroom at the times he alleges his mail was improperly handled. Defendant Mackinder opposes plaintiff's motion for leave to file a second amended complaint on the basis that (1) the Court should wait until it has ruled on her motion to consolidate (Dkt. #15), and (2) while the proposed second amended complaint elaborates on some factual

allegations and contains some legal argument, it contains no new legal allegations.

First, the Court has denied defendant Mackinder's motion to consolidate. See Order Defendant's Motion to Consolidate, dated the same date herewith. Second, a party may amend its pleading "once as a matter of course at any time before a responsive pleading it served." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a). Otherwise, the party may amend its pleading "only by leave of court or by written consent of the adverse party." Id. However, "leave shall be freely given when justice so requires." Id. Here, no responsive pleading, i.e., answer, has yet been filed by defendant MacKinder. In addition, while it is true that plaintiff already has amended his complaint (Dkt. #9), that was at the order of the Court (Dkt. #7). As such, plaintiff is entitled to file his second amended complaint without Court order or the consent of defendant Mackinder.

Even if such consent or order were required, furthermore, the Court finds that no harm or prejudice would befall defendant Mackinder by granting plaintiff's motion. While the second amended complaint may only elaborate on the factual and legal issues previously raised in his first amended complaint, it does not appear that such elaboration is either unnecessary or unduly confusing. In addition, it does appear to be at least some evidence, based on the allegations contained in the second amended complaint, that up to as many as seven other DOC staff may have been present in the mailroom at the institution where plaintiff is incarcerated during the relevant time period. As such, the addition of the seven John Doe defendants at this stage of the proceedings is not entirely irrelevant.

Accordingly, for all of the above reasons plaintiff's motion for leave to amend complaint (Dkt. #17) hereby is GRANTED.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendant.

DATED this 7th day of September, 2007.

Karen L. Strombom
United States Magistrate Judge